**Timothy S. DeJong**, OSB No. 940662
**Keith A. Ketterling**, OSB No. 913368
STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:         tdejong@stollberne.com
               kketterling@stollberne.com

**Kassem M. Dakhlallah** (pro hac vice forthcoming)
**Basem M. Younis** (pro hac vice forthcoming)
Hammoud, Dakhlallah, & Associates, PLLC
6050 Greenfield Rd., Ste., 201
Dearborn, MI 48126
Telephone:    (313) 551-3038
Email:         kd@hdalawgroup.com
               by@hdalawgroup.com

**Attorneys for Plaintiff**
[*Additional Counsel Listed on Signature Page*]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HEMPNOTIZE, LLC, a Michigan limited liability company, individually and on behalf of similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>COURIER PLUS, INC., an Oregon corporation,<br><br>    Defendant. | Case No.: 6:24-cv-1225<br><br>**CLASS ACTION COMPLAINT**<br>(Breach of Contract; Breach of Express Warranty; Fraudulent Misrepresentation; Fraudulent Inducement; Unjust Enrichment; and Declaratory Judgment)<br><br>JURY TRIAL DEMANDED |

Plaintiff Hempnotize LLC, ("Hempnotize"), on behalf of itself and all other similarly situated persons or entities, states as follows in its Class Action Complaint and Demand for Jury Trial against Defendant Courier Plus, Inc. ("Dutchie"):

## INTRODUCTION

1. Dutchie, a company which offers software tools and a marketplace that enables cannabis e-commerce for pickup or delivery, failed to ensure its services would be working for its contracted dispensaries on the most profitable day for all dispensaries around the nation. On April 20, 2024, from 12PM to 3PM (EST), Dutchie's Point of Sale ("POS") system experienced a three-hour outage, preventing any sales for all dispensaries operating on the POS system's "bluegate network". Notably, the issue was avoidable and foreseeable, as Dutchie's POS system experienced a similar failure on the exact same day the previous year. However, following this first failure, Dutchie assured all POS system users that such failures would not be experienced again as they had sufficient time to prevent a recurrence. Evidently, through their own omissions and neglect, Dutchie utterly failed to prevent further failures, causing significant losses to Hempnotize and other dispensaries on their bluegate network.

2. April 20th, or "4/20", is widely regarded as the most popular day of the year for sales within the cannabis industry. *See, e.g.,* Andrew Adam Newman, *How 4/20 became the cannabis industry's biggest day*, Retail Brew (April 19, 2024), https://www.retailbrew.com/stories/2024/04/19/how-4/20-became-the-cannabis-industry-s-biggest-day; Gene Johnson, *How 4/20 grew from humble roots to marijuana's high holiday,*

**PAGE 1 - CLASS ACTION COMPLAINT**

Associated Press News, (April 19, 2024, 7:58 PM), https://apnews.com/article/420-history-marijuana-07ecdd87c4756cc4a1dbd4ad3b1f682c

3.  Despite the importance of 4/20 being widely known within the industry, Dutchie failed to meet these standards, thus violating its pledge to use commercially reasonable efforts consistent with prevailing industry standards to maintain the Services Dutchie agreed to provide in its agreements with Plaintiff and other Class Members.

4.  Dutchie, a company deeply embedded in the cannabis industry, clearly knew the popularity of 4/20, and despite having such knowledge, failed act in accordance with industry standards.

## PARTIES

5.  Plaintiff Hempnotize LLC is the owner of a lawful marijuana retail dispensary doing business as Nar Cannabis Monroe, located in Monroe, Michigan. Plaintiff entered into a merchant agreement with Defendant (*see* Exhibit A, the "Agreement"), which granted Plaintiff a right to access and use Defendant's retail management, POS system, and other related products and services.

6.  Defendant Courier Plus, Inc. d/b/a Dutchie is a company based in Oregon, US, and founded in 2017, which operates as an online ordering platform that allows users to order cannabis for delivery or pickup from local dispensaries. Dutchie serves customers in the United States and Canada.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of

**PAGE 2 - CLASS ACTION COMPLAINT**

$5,000,000 and is a class action in which there are more than 100 members of the Class, members of the Class are citizens of states different from Defendant, and greater than two-thirds of the members of the Classes reside in states other than the state in which Defendant is a citizen.

8.  Further, this Court has jurisdiction over supplemental state law claims pursuant to 28 U.S.C. § 1367.

9.  This Court has personal jurisdiction over Defendant Dutchie because Defendant is headquartered in this District, has its principal place of business in this District, and has purposefully availed itself of the privilege of conducting business activities in this District.

10. The contract of the parties contains a forum selection clause that states the venue is proper in this Court.

11. Venue is proper in this District, pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL ALLEGATIONS

12. Plaintiff hereby incorporates all previous allegations by reference as if fully restated herein.

13. In 2021, Plaintiff entered into the Agreement with Defendant, which authorizes Plaintiff to use Dutchie's retail management, point-of-sale (POS) platforms and other related products and services for its dispensary in Monroe, Michigan.

14. The Agreement contains an express performance warranty. Specifically, Section 6.1 provides that "Dutchie shall use commercially reasonable efforts consistent with prevailing industry standards to maintain the Services materially in accordance with the Documentation.

**PAGE 3 - CLASS ACTION COMPLAINT**

The remedies set forth in this Agreement shall be Dutchie's entire liability and Merchant's sole remedy related to the performance of the Services."

15.     On April 20, 2023, Dutchie's POS system network was subject to an outage, precluding many dispensaries using the POS system from processing any sales. *See* Exhibit B, Incident Reports.

16.     Following this failure, Dutchie promised affected dispensaries that Dutchie would pay out settlements equivalent to the amount of expected losses during such outages. Furthermore, Dutchie assured its contracted marijuana dispensaries that it would test its network and make sure it was properly working on April 20, 2024. *See, e.g.,* Chris Roberts, *Dutchie Admits 'Failures' On 4/20, Promises Payout To Marijuana Retailers*, MJ Biz Daily (April 24, 2023), https://mjbizdaily.com/dutchie-admits-failures-on-420-promises-payout-to-marijuana-retailers/.

17.     Defendant knowingly made these representations with the intent that Plaintiff and other Class Members would rely on them and continue to utilize Defendant's services.

18.     However, these representations were evidently false.

19.     On April 20, 2024, Dutchie's POS system network, better known as "bluegate" was subject to an outage for approximately three (3) hours.

20.     The failure of the bluegate network yet again interfered with the business operations of all marijuana dispensaries on Dutchie's bluegate network as no sales could be processed.

21.     Dutchie was clearly aware of this possibility, yet took no action as promised to prevent it from happening again. Dutchie engaged in fictitious bad faith conduct.

**PAGE 4 - CLASS ACTION COMPLAINT**

22. As 4/20 is the most popular day of the year for sales in the cannabis industry, Dutchie's network failures on 4/20/2023 and 4/20/2024 have resulted in substantial business losses for each participating marijuana dispensary.

23. Dutchie knew of the high demand for marijuana-related products and the voluminous transactions each participating marijuana dispensary would experience on 4/20, yet neglected to engage in commercially reasonable efforts to ensure the POS systems can be used.

24. Not only did the bluegate network's failure interfere with Plaintiff's and Class Members' sales, but it was the direct and proximate cause for loss of customers and sunk costs incurred on 4/20 events and promotion.

25. While Section 6.2 of the Agreement provides an "as-is" warranty disclaimer, the disclaimer does not disclaim the express warranty outlined in Section 6.1 of the Agreement.

26. Furthermore, Defendant's course of performance operated to waive the "as-is" disclaimer identified in Section 6.2 of the Agreement, and the disclaimer is unconscionable.

27. Section 8 of the Agreement provides for a limitation of damages. Specifically, Section 8 limits Plaintiff's damages to all payments made to Dutchie in the twelve (12) months preceding the date in which Plaintiff's claim arose.

28. However, Dutchie's bad faith conduct effectively prevents it from enforcing Section 8 of the Agreement, thereby rendering the same unenforceable.

29. Furthermore, Dutchie's breach of the Agreement was so fundamental that it caused a loss which was not part of that allocation.

30. Section 8 of the Agreement is also unconscionable, as it was the improper result of unequal bargaining power.

**PAGE 5 - CLASS ACTION COMPLAINT**

31.     Dutchie was aware of the industry standards on 4/20, and chose not to use reasonable efforts consistent with these standards to maintain its services on 4/20/2024, allowing its bluegate network to fail and costing its contracted dispensaries hundreds of thousands of dollars.

32.     Plaintiff seeks damages suffered by the Class as a result of Defendant's conduct, including but not limited to: (a) lost sales; (b) damage to goodwill; (c) lost customers; (d) overhead costs to operate with no working system, and (e) out of pocket costs for 4/20 events.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff incorporates all previous allegations by reference as if fully restated herein.

34.     Plaintiff brings this lawsuit as a class action on behalf of itself and all other Class members similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

35.     Under Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff seeks certification of the following class and subclass:

> **Nationwide Class:** All marijuana retail dispensaries nationwide that utilized the Dutchie system and which experienced interrupted services on April 20, 2024.
>
> **Michigan Subclass:** All marijuana retail dispensaries that are incorporated or do business in the State of Michigan that utilized the Dutchie system and which experienced interrupted services on April 20, 2024.

36.     Excluded from the proposed Nationwide Class and Michigan Subclass are: Dutchie, any affiliate, parent, or subsidiary of Dutchie; any entity in which Dutchie has a

**PAGE 6 - CLASS ACTION COMPLAINT**

controlling interest; any officer, director, or employee of Dutchie; any successor or assign of Dutchie; anyone employed by counsel for Plaintiffs in this action; any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, and the spouses of such persons.

37. Plaintiff reserves the right to modify, change, amend, or expand the definitions of the Class.

38. **NUMEROSITY:** The members of the Class are so numerous that joinder of all members is impracticable. While the precise number of Class Members can only be confirmed through discovery, it is estimated that there are hundreds of Class Member Plaintiffs. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court. Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

39. **COMMONALITY:** There are questions of law and fact common to all members of the Class. Specifically, Plaintiff's claims arise from the same event or practice or course of conduct by Defendant that gives rise to those claims of the putative class, and Plaintiff's claims are based upon the same legal theories as those of the putative class. Defendant has engaged in a pattern and practice, in violation of the law. Specifically, Defendant violated its express warranty to use commercially reasonable efforts consistent with prevailing industry standards to maintain its Services; Defendant made false assurances and falsely advertised that its network would not fail on April 20, 2024 following its failure on April 20, 2023; Plaintiff and all the Class Members relied upon Defendant's assurances that its network would not fail on April 20, 2024, including spending on 4/20 promotions and events; Defendant knew that their system could fail and took

**PAGE 7 - CLASS ACTION COMPLAINT**

no action to prevent it from happening; Plaintiff and all the Class Members have suffered damages in a loss of sales, customers, lost costs to promote the 4/20 events, and lost costs to operate with no working system when Defendant's failed. Numerous questions of law and fact common to the Class predominate over questions that may affect individual members, including but not limited to:

   a. Whether the Defendant used commercially reasonable efforts consistent with prevailing industry standards to maintain its Services;

   b. Whether the Defendant made material misrepresentations to Plaintiff and Class Members that its services would not fail on April 20, 2024;

   c. Whether the Defendant's material misrepresentations to Plaintiff and Class Members that its services would not fail on April 20, 2024 were false or made recklessly without knowledge of their truth;

   d. Whether the Defendant's material misrepresentations to Plaintiff and Class Members that its services would not fail on April 20, 2024 were made with the intent that Plaintiff and the Class would rely on such misrepresentations;

   e. Whether Defendant had a duty to disclose that the its network could fail on April 20, 2024 given Defendant's representations;

   f. Whether the Defendant's failure to use commercially reasonable efforts consistent with prevailing industry standards to maintain its Services constitutes a breach of contract;

   g. Whether the Defendant's failure to ensure its network would not fail on April 20, 2024 as promised constitutes a breach of warranty;

**PAGE 8 - CLASS ACTION COMPLAINT**

  h. Whether the Defendant's failure to use commercially reasonable efforts consistent with prevailing industry standards to maintain its Services constitutes a breach of warranty;

  i. Whether, as a result of Defendant's wrongful activities as fully described herein, the Defendant has been unjustly enriched.

40. **TYPICALITY:** The claims and defenses of the Plaintiff is representative of the Class Members they seek to represent and typical of the claims and defenses of the Class because the Plaintiff and the Class Members all utilized Dutchie's network and relied on Dutchie's misrepresentations that its network would not fail on April 20, 2024. Further, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all Class Members. Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that they utilized Dutchie's bluegate network they would not utilized on April 20, 2024 but for Defendant's misconduct.

41. **ADEQUACY OF REPRESENTATION:** Plaintiff will fairly and adequately assert and protect the interests of the proposed class because Plaintiff has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Classes; Plaintiff has no conflict of interest that will interfere with the maintenance of this class action; and Plaintiff has suffered similar injuries and damages to those of all Class Members.

42. **SUPERIORITY:** A class action provides a fair and efficient method for the adjudication of the instant controversy because:

  a. The common questions of law and fact set forth above predominate over questions affecting only individual Class Members;

**PAGE 9 - CLASS ACTION COMPLAINT**

    b. The proposed Class is so numerous that joinder would prove impracticable. The proposed Class, however, is not so numerous as to create manageability problems; moreover, no unusual legal or factual issues render the Class unmanageable.

    c. Prosecution of separate actions by individual members of the Class would risk inconsistent and varying adjudications against Defendant;

    d. A class action would be superior to, and more efficient than, adjudicating thousands of individual lawsuits.

Alternatively, the proposed classes may be certified because:

    a. The prosecution of separate actions by the individual members of the proposed Classes would create a risk of inconsistent or varying adjudication regarding individual Class Members, which would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class Members would create a risk of adjudications dispositive of the interests of other Class Members not parties to the adjudications and substantially impair or impede their ability to protect their interests; and

    c. Defendant has acted or refused to act on grounds generally applicable to the proposed class, which justifies final and injunctive relief for the members of the proposed Class as a whole.

**PAGE 10 - CLASS ACTION COMPLAINT**

# CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT
**(On behalf of the Nationwide Class or, in the alternative, the Michigan Subclass)**

43. Plaintiff hereby re-alleges and incorporates all preceding paragraphs by reference as though fully restated herein.

44. The Plaintiff and Class Members each entered into a merchant agreement with Dutchie for use of Dutchie's services within Plaintiff's and Class Member's dispensaries.

45. Within section 6.1 of the merchant agreement Defendant asserted that they would use commercially reasonable efforts consistent with prevailing industry standards to maintain its services materially.

46. Defendant also promised Plaintiff and Class Members that its network would function properly on April 20, 2024 following its failure on April 20, 2023.

47. Plaintiff and Class Members fully performed the agreement and did not breach the contract.

48. However, Defendant breached the contract by failing to ensure its network would work on April 20, 2024 as promised.

49. Defendant also breached the contract by failing to use commercially reasonable efforts consistent with prevailing industry standards to maintain its services materially.

50. Defendant's breaches are material in all respects.

51. Defendant's misrepresentations and omissions alleged herein, including Defendant's failure to ensure its network would be working on April 20, 2024 as promised caused Plaintiff and Class Members to utilize Dutchie's services. Absent those

**PAGE 11 - CLASS ACTION COMPLAINT**

misrepresentations and omissions, Plaintiff and Class Members would not have utilized Dutchie's point of sale services. Accordingly, Plaintiff and Class Members overpaid for Dutchie's services and did not receive the benefit of their bargain.

52. By failing to use commercially reasonable efforts consistent with prevailing industry standards to maintain its services and failing to ensure its network would work as agreed and by absconding with Plaintiff's money, Defendant has materially breached the contract.

53. As a direct and proximate result of Defendant's breach of contract, Plaintiff and Class Members have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law. Plaintiff and Class Members also seek equitable relief including, but not limited to, recission, restitution, injunctive relief and disgorgement.

## COUNT II – BREACH OF EXPRESS WARRANTY
**(On behalf of the Nationwide Class or, in the alternative, the Michigan Subclass)**

54. Plaintiff hereby re-alleges and incorporates all preceding paragraphs by reference as though fully restated herein.

55. The Plaintiff and Class Members each entered into a merchant agreement with Dutchie for use of Dutchie's services within Plaintiff's and Class Members' dispensaries.

56. This merchant agreement contains an express warranty found in section 6.1, which states, "**6.1 Performance Warranties**. Dutchie shall use commercially reasonable efforts consistent with prevailing industry standards to maintain the Services materially in accordance with the Documentation. The remedies set forth in this Agreement shall be Dutchie's entire liability and Merchant's sole remedy related to the performance of the Services."

**PAGE 12 - CLASS ACTION COMPLAINT**

57. However, Dutchie failed to use commercially reasonable efforts consistent with prevailing industry standards to maintain its services, as demonstrated by its network failure on April 20, 2024, following Dutchie's promise to ensure it would not fail again after its failure on April 20, 2023.

58. By failing to use commercially reasonable efforts consistent with prevailing industry standards to maintain its services, as demonstrated by its network failure on April 20, 2024, Dutchie breached the express warranty found in section 6.1 of the merchant agreement.

59. Moreover, the warranty disclaimer found in section 6.2 of the merchant agreement cannot be applied because the disclaimer begins with "EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT…" which indicates that the express warranty in section 6.1 prevails.

60. Plaintiff provided notice to Dutchie, the warrantor, of the breach and that damages would be sought.

61. As a direct and proximate result of Defendant's breach of warranty, Plaintiff and Class Members have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law. Plaintiff and Class Members also seek equitable relief including, but not limited to, recission, restitution, injunctive relief and disgorgement.

### COUNT III – FRAUDULENT MISREPRESENTATION
**(On behalf of the Nationwide Class or, in the alternative, the Michigan Subclass)**

62. Plaintiff hereby re-alleges and incorporates all preceding paragraphs by reference as though fully restated herein.

**PAGE 13 - CLASS ACTION COMPLAINT**

63. Defendant made material representations to Plaintiff and Class Members that its network would not experience any interruptions on April 20, 2024, following its failure on April 20, 2023.

64. These material representations were false.

65. Defendant either knew that these representations were false or made them recklessly without knowledge of their truth.

66. Defendant made these representations with the intent that Plaintiff and Class Members would rely upon them and pay money to utilize Defendant's services.

67. Plaintiff did, in fact, act in reliance upon Defendant's representations

68. Plaintiff and Class Members, as a result, suffered damages.

69. As a direct and proximate result of Defendant's fraudulent misrepresentation, Plaintiff and Class Members have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law. Plaintiff and Class Members also seek equitable relief including, but not limited to, recission, restitution, injunctive relief and disgorgement.

## COUNT IV – FRAUDULENT INDUCEMENT
**(On behalf of the Nationwide Class or, in the alternative, the Michigan Subclass)**

70. Plaintiff hereby re-alleges and incorporates all preceding paragraphs by reference as though fully restated herein.

71. Defendant misrepresented its network capability after its failure on April 20, 2023, promising that it would not happen again. However, it did.

72. Defendant either knew that these representations were false or made them recklessly without knowledge of their truth.

**PAGE 14 - CLASS ACTION COMPLAINT**

73. Defendant made these misrepresentations with the intent that Plaintiff and Class Members would rely on them and choose utilize Defendant's services.

74. Plaintiff and Class Members did not know that Defendant's claims that its network would not experience a failure on April 20, 2024 following its failure on April 20, 2023 were fraudulent and misleading.

75. Had Plaintiff not been defrauded, Plaintiff would not have agreed to utilize Defendant's services.

76. As a result of Plaintiff's and Class Members' justifiable reliance on Defendant's misrepresentations, Plaintiff and Class Members suffered damages.

77. As a direct and proximate result of Defendant's fraudulent inducement, Plaintiff and Class Members have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law. Plaintiff and Class Members also seek equitable relief including, but not limited to, recission, restitution, injunctive relief and disgorgement.

## COUNT V – UNJUST ENRICHMENT
**(On behalf of the Nationwide Class or, in the alternative, the Michigan Subclass)**

78. Plaintiff hereby re-alleges and incorporates all preceding paragraphs by reference as though fully restated herein.

79. As a result of Defendant's wrongful activities as fully described in this Complaint, Plaintiff and Class Members conferred a benefit on Defendant, including, but not limited to, the amounts of funds paid to them, converted and obtained by fraud from Plaintiff and Class Members.

80. Defendant was aware that it had received a benefit.

**PAGE 15 - CLASS ACTION COMPLAINT**

81. It would be unjust to allow Defendant to retain the benefit without paying for it.

82. Retention of such benefits by Defendant is inequitable.

83. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and Class Members have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law. Plaintiff and Class Members also seek equitable relief including, but not limited to, recission, restitution, injunctive relief and disgorgement.

## COUNT VI – DECLARATORY JUDGMENT
**(On behalf of the Nationwide Class or, in the alternative, the Michigan Subclass)**

84. Plaintiff hereby re-alleges and incorporates all preceding paragraphs by reference as though fully restated herein.

85. There is a "justiciable controversy," that is, an actual and substantial controversy between parties having adverse legal interests that results in specific relief through a binding decree.

86. Specifically, that the disclaimer of warranty and limitation of damages in the merchant agreement should not be enforceable against Plaintiff's claims for the reasons provided above.

87. WHERFORE, Plaintiff requests that this Court enter a declaratory judgment invalidating the warranty disclaimer found in section 6.2 and the limitation on damages found in 8 of the merchant agreement because:

    a. The warranty disclaimer found in section 6.2 of the agreement is inconsistent with the express warranty found in section 6.1. The express warranty prevails;

**PAGE 16 - CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

  b. Defendant's course of performance operated to waive the disclaimer, and the disclaimer is unconscionable;

  c. Defendant acted in bad faith conduct;

  d. The breach of contract was so fundamental that it caused a loss which was not part of that allocation;

  e. The limitation on damages is unconscionable;

  f. For any other reason this Court deems it appropriate and fair to invalidate the warranty disclaimer and limitation on damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class and Subclass, respectfully request that the Court enter judgment in their favor and against Defendant, as follows:

  A. Certification of the proposed Nationwide and Michigan Subclass, including appointment of Plaintiffs' counsel as Class Counsel;

  B. All compensatory damages, incidental and consequential damages, and other damages allowed by law;

  C. All equitable relief allowed by law, including, but not limited to, recission, restitution, injunctive relief and disgorgement.

  C. Damages, including punitive damages, costs, and disgorgement in an amount to be determined at trial;

  D. An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

**PAGE 17 - CLASS ACTION COMPLAINT**

  E. An award of costs and attorneys' fees; and

  F. Such other or further relief as may be appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the proposed Class, demands a trial by jury for all claims so triable.

DATED this 30th day of July, 2024.

      STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

      By: s/Timothy S. DeJong
       **Timothy S. DeJong**, OSB No. 940662
       **Keith A. Ketterling**, OSB No. 913368

      209 SW Oak Street, Suite 500
      Portland, OR 97204
      Telephone: (503) 227-1600
      Facsimile: (503) 227-6840
      Email: kketterling@stollberne.com
         tdejong@stollberne.com

      -AND-

      Kassem M. Dakhlallah*
      Basem M. Younis*
      **HAMMOUD, DAKHLALLAH, & ASSOCIATES, PLLC**
      6050 Greenfield Rd., Ste., 201
      Dearborn, MI 48126
      Telephone: (313) 551-3038
      Email: kd@hdalawgroup.com
         by@hdalawgroup.com

      -AND-

      E. Powell Miller*
      Dennis A. Lienhardt*
      **The Miller Law Firm PC**
      950 W. University Drive, Suite 300
      Rochester, MI 48307
      Telephone: (248) 841-2200
      Email: epm@millerlawpc.com
         dal@millerlawpc.com

      *Attorneys for Plaintiff and the Putative Class*
      * *pro hac vice* applications to be submitted

PAGE 18 - CLASS ACTION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840