IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

HEMPNOTIZE, LLC, a Michigan limited
liability company, individually and on
behalf of similarly situated persons,

       Plaintiff,

   v.

COURIER PLUS, INC., an Oregon
corporation,

       Defendant.

Case No. 6:24-CV-1225-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Hempnotize, LLC brings this putative class action for breach of contract and fraud against Defendant, Courier Plus, Inc. (d/b/a Dutchie). Before the Court is Defendant's Partial Motion to Dismiss Count III, fraudulent misrepresentation, and Count IV, fraudulent inducement. ECF No. 10. Because Plaintiff failed to satisfy its heightened pleading standard for fraud, Defendant's Partial Motion is GRANTED.

**BACKGROUND**

Plaintiff is the owner of a retail cannabis dispensary. Class Action Compl. ¶ 5, ECF No. 1 ("CAC"). Defendant is a software-as-a-service company that provides e-commerce for the cannabis industry. *Id.* at ¶ 1. In 2021, Plaintiff contracted with Defendant to use Defendant's platform, including its retail management and point of sale system. *Id.* at ¶ 13.

Plaintiff alleges that on April 20, 2023, Defendant's e-commerce system suffered an outage, causing Plaintiff to lose the ability to process sales. *Id.* at ¶ 15. Exactly a year later, on April 20, 2024, Defendant's point of sale system suffered an outage. *Id.* at ¶ 19. Plaintiff alleges that because of the 2023 outage, the 2024 outage was "avoidable and foreseeable" and Defendant "utterly failed to prevent further failures." *Id.* at ¶ 1.

Plaintiff further alleges Defendant "promised and assured [Plaintiff] that it would test its network and make sure it was properly working on April 20, 2024," and that these assurances were made "knowingly . . . with the intent that Plaintiff and other Class Members would rely on them and continue to utilize Defendant's services." *Id.* at ¶¶ 16–17.

Defendant moves to dismiss Plaintiff's fraud claims, arguing that Plaintiff fails to plead those claims with sufficient particularity. Def.'s Partial Mot. to Dismiss, ECF No. 10.

## STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims for fraudulent misrepresentation and fraudulent inducement. Complaints alleging fraud must comply with both Federal Rules of Civil

Procedure 8(a) and 9(b). *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011). In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). To satisfy the particularity requirement, a plaintiff must identify the "who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso*, 637 F.3d at 1055 (internal quotation marks and citations omitted).

Here, Plaintiff fails to state its claim with the requisite particularity. Nowhere in the Complaint is there any identification of the who, what, when, where, or how related to the alleged fraudulent statement. Plaintiff does not even identify the statement that was purportedly fraudulent. Plaintiff cites to a news article, claiming the article shows that Defendant "assured its contracted marijuana dispensaries that it would test its network and make sure it was properly working on April 20, 2024." CAC ¶ 16. However, the cited article contains no such statement. Plaintiff offers no other evidence or allegations that allow the Court to infer Defendant's fraud.

## CONCLUSION

For the foregoing reasons, Counts III and IV are dismissed without prejudice. Plaintiff has thirty days to file an amended complaint if it desires to do so.

Defendant's Partial Motion to Dismiss, ECF No. 10, is GRANTED.

IT IS SO ORDERED.

DATED this 27th day of February, 2025.

                                                   ___s/Michael J. McShane_____
                                                          Michael J. McShane
                                                      United States District Judge